UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL I. MIDDLETON,

Plaintiff,

-against-

REGENERON PHARMACEUTICALS, INC.,

Defendant.

**OPINION AND ORDER**

25-CV-01984 (PMH)

PHILIP M. HALPERN, United States District Judge:

Michael I. Middleton ("Plaintiff"), proceeding *pro se*, commenced this action on March 6, 2025, alleging discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq*, the New York City Administrative Code ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") against Regeneron Pharmaceuticals, Inc. ("Defendant").[1] (Doc. 1, "Compl.").

Pending before the Court is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 17; Doc. 18). Plaintiff opposed Defendant's motion (Doc. 20, "Pl. Br."), and the motion was fully briefed with the filing of the reply (Doc. 21).

For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

The Court recites the facts herein only to the extent necessary to adjudicate the extant motion and draws them from the Complaint. The Court draws all reasonable inferences in Plaintiff's favor. *See Lesser v. TD Bank, N.A.*, 463 F. Supp. 3d 438, 445 (S.D.N.Y. 2020).

[1] Although Plaintiff annexes a "[l]ist of defendants" to the Complaint, he served a copy of the summons and complaint on Defendant only, and has not made any effort to serve any of the individuals listed on that attachment as additional defendants. (Doc. 1-1). Because Plaintiff is given leave to replead, to the extent he intends to include any of those individuals as defendants in this action, he must specifically name such individuals as defendants in the amended complaint, obtain summonses as to those defendants, and properly serve them with the summonses and operative pleading.

Plaintiff, who is 73 years old, began working for Defendant as the Director of Project Management in 2014. (Compl. at 3).[2] Plaintiff observed, in August 2021, that he was being excluded from participating in candidate interviews for potential hires. (*Id.*). He was also informed that his team was being relocated to a different building. (*Id.*). At the end of 2021, he received a positive performance evaluation, resulting in a merit increase and a bonus. (*Id.*). Plaintiff, in February 2022, was advised that he was "underperforming" and "earned too much." (*Id.* at 3-4). Plaintiff was advised, in March 2022, that he should look for other job roles and in April, following that advice, Plaintiff submitted his CV for Defendant's internal vacancy listings. (*Id.* at 4). That month he interviewed for two roles, one in Tarrytown and one in London. (*Id.*). Plaintiff was not hired for either role and in May 2022, he was terminated. (*Id.* at 5).

Defendant provided Plaintiff with a Severance Agreement that included a compensation package contingent upon the release of any claims, to be signed and returned within 21 days. (*Id.* at 5). Plaintiff submitted the Severance Agreement on May 25, 2022 with additional handwritten amendments. (*Id.*). Defendant rejected the handwritten amendments. (*Id.*). Plaintiff appeared to hand-deliver the signed Severance Agreement and was thereupon escorted off the premises. (*Id.*). On June 11, 2022, Plaintiff received an email from Sally Paull, Executive Vice President of Human Resources, informing Plaintiff that no changes would be made to the Severance Agreement, such that it was non-negotiable. (*Id.* at 5-6). She further stated she was "comfortable with the decision to eliminate [Plaintiff's] role." (*Id.* at 6). On July 25th and July 27th, Plaintiff sent confidential letters separately to Defendant's Executive Counsel and Head of Compliance, addressing his concerns regarding Defendant's treatment of him, including being escorted from the building. (*Id.*). Those letters were then forwarded to the individuals about whom Plaintiff was

[2] Plaintiff does not comply with the pleading rule that directs a party to "state its claims . . . in *numbered paragraphs*, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b) (emphasis added). Citations to the parties' filings correspond to the pagination generated by ECF.

complaining. (*Id.*). Plaintiff then hired a lawyer for his discrimination claims. (*Id.*). Plaintiff alleges that Human Resources retaliated against him by withholding COBRA benefits until he signed a confidentiality agreement. (*Id.*). Plaintiff contends that he "engaged in protected activity by hiring the undersigned firm in connection with his age discrimination claim" and that Defendant retaliated against him by denying him COBRA benefits. (*Id.* at 7). On November 2, 2022, an AETNA/Regeneron Administrator confirmed that Plaintiff had timely registered for COBRA coverage, contrary to Defendant's claim that Plaintiff had not elected COBRA coverage correctly. (*Id.* at 6).

This litigation followed.

**STANDARD OF REVIEW**

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[3] A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

679. Thus, the Court must "consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). The presumption of truth, however, "is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 72. A plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)).

However, while "[*p*]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cnty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty

to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## **ANALYSIS**

### I. Age Discrimination Claims

Plaintiff's age discrimination and retaliation claims are brought under the ADEA, NYSHRL, and NYCHRL. As an initial matter, Plaintiff has not pled where he was employed by Defendant. (*See* Compl.). "The NYCHRL is intended to cover people 'who work in the city'" and "inhabitants" of New York City. *Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 182 (2d Cir. 2016) (quoting *Hoffman v. Parade Publ'ns*, 933 N.E.2d 744, 746 (N.Y. 2010)); *see also Daly v. Westchester Cnty. Bd. of Legislators*, No. 19-CV-04642, 2021 WL 229672, at *13 (S.D.N.Y Jan. 22, 2021) ("[T]he *New York City* Human Rights Law applies only 'to acts that occur within the boundaries of New York City.'") (quoting *Fried v. LVI Servs., Inc.*, No. 10-CV-09308, 2011 WL 4633985, at *12 (S.D.N.Y. Oct. 4, 2011)). Plaintiff does not allege that he is a resident of New York City, worked in New York City, or that any acts relevant to his claims occurred in New York City. Accordingly, Plaintiff's NYCHRL claim is dismissed without prejudice. *See Wilkerson v. Dunkez Priv. Home Care Inc.*, No. 25-CV-02036, 2026 WL 1197766, at *1 (S.D.N.Y. May 1, 2026).

With respect to Plaintiff's remaining age discrimination claims, "[t]o survive a Rule 12(b)(6) motion to dismiss, a plaintiff asserting an employment discrimination [claim] under the ADEA must plausibly allege that adverse action was taken against [him] by [his] employer, and that her age was the 'but-for' cause of the adverse action." *Marcus v. Leviton Mfg. Co., Inc.*, 661 F. App'x 29, 31-32 (2d Cir. 2016). As to the "but-for" factor, it is well-settled that simply

pleading the minimum requirements of a discrimination claim, *i.e*., that the individual was part of the protected class and was then replaced by an individual younger than the 40-year-old threshold, is not enough, without more, to raise the "requisite inference of but-for causation under the ADEA." *See Wallace v. Esper*, No. 18-CV-06525, 2019 WL 4805813, at *7 (S.D.N.Y. Sept. 30, 2019). Under the NYSHRL, a plaintiff must show "(1) that [ ]he was within the protected age group, (2) that [ ]he was qualified for the position, (3) that [ ]he experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Haynes v. City of New York*, No. 19-CV-11008, 2025 WL 946089, at *27 (S.D.N.Y. Mar. 27, 2025). Before 2019, claims under the NYSHRL were analyzed under the same framework as ADEA claims, but after the 2019 amendments, the pleading standard is more liberal. *Browne v. Arrow Sec.*, No. 24-CV-09788, 2025 WL 2592353, at *4 (S.D.N.Y. Sept. 8, 2025). "The core inquiry . . . is whether Plaintiff alleges that Defendant 'treated [Plaintiff] less well, at least in part for a discriminatory reason.'" *Id.* (quoting *Cruz v. Bernstein Litowitz Berger & Grossman LLP*, No. 20-CV-08596, 2023 WL 2691456, at *7 (S.D.N.Y. Mar. 29, 2023)). Plaintiff must allege a discriminatory motive for the complained-of conduct. *Id.* at *5.

Defendant correctly argues that Plaintiff does not allege any facts giving rise to an inference of discrimination, and makes no connection between his age and his termination. "Naked assertions of . . . discrimination without any specific factual allegation of a causal link between the defendants' conduct and the plaintiff's protected characteristics are too conclusory to withstand a motion to dismiss." *Ellis v. New York City Dep't of Educ.*, No. 19-CV-01441, 2020 WL 1166056, at *3 (S.D.N.Y. Mar. 11, 2020) (quoting *Sanders-Peay v. New York City Dep't of Educ.*, No. 14-CV-04534, 2014 WL 6473507, at *8 (E.D.N.Y. Nov. 18, 2014)). Plaintiff

offers nothing more in his opposition on this motion, instead providing only the conclusory explanation: "I am a member of a protected class, I was qualified for the role, and I experienced an adverse reaction to the discriminatory way I was treated." (Pl. Br. at 2). Plaintiff's pleading is insufficient to create a causal link between Plaintiff's age and termination to withstand Defendant's motion to dismiss. Plaintiff has not made any allegations that, for example, any comment was made about his age, that he was treated adversely because of his age, or that he was replaced by a younger employee. *Elboute v. Highgate Hotels, L.P.*, No. 22-CV-07609, 2023 WL 5152236, at *5 (S.D.N.Y. Aug. 10, 2023). Accordingly, Plaintiff fails to plausibly allege an age discrimination claim under either the ADEA or NYSHRL.

II. <u>Retaliation Claims</u>

With respect to the retaliation claims, "a plaintiff must demonstrate that (1) [ ]he engaged in protected activity, (2) the defendant was aware of that activity, (3) [ ]he was subjected to a retaliatory action, or a series of retaliatory actions, that were materially adverse, and (4) there was a causal connection between the protected activity and the materially adverse action or actions." *Browne*, 2025 WL 2592353, at *7. The analysis is substantially similar for claims under the NYSHRL, "except that at stage three of the analysis, the plaintiff need only show that the employer 'engaged in conduct that was reasonably likely to deter a person from engaging in such [protected] action.'" *Id.* (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013)).

Plaintiff alleges that the protected activity in which he engaged was the retention of a firm to press discrimination claims against Defendant after Plaintiff was terminated. (Compl. at 7). Even if the retention of a law firm constitutes a protected activity—a question which the Court declines to resolve at this juncture—the protected activity must precede any purported

retaliation in order to state a retaliation claim. *Tolliver v. Jordan*, No. 19-CV-11823, 2023 WL 2664325, at *5 (S.D.N.Y. Mar. 28, 2023) ("At the most basic level, defendants' allegedly retaliatory actions must occur later in time than plaintiffs' protected [conduct]."); *see also Santucci v. Levine*, No. 17-CV-10204, 2021 WL 76337, at *7 (S.D.N.Y. Jan. 8, 2021) ("The sequence of a . . . retaliation claim is straightforward: a plaintiff must engage in a protected activity and a defendant's actions—whatever they are—must be motivated by the plaintiff's protected activity. Phrased a different way, at the most basic level, defendants' allegedly retaliatory actions must occur later in time than plaintiffs' protected [conduct]."), *aff'd*, No. 21-1329-CV, 2022 WL 121281 (2d Cir. Jan. 13, 2022). Plaintiff alleges that he was already denied the other two roles for which he applied, and that his employment was already terminated, at the time he retained the firm to press discrimination claims against Defendant. (Compl. at 6-7). Plaintiff's allegation that the adverse action he suffered was the denial of COBRA benefits is contradicted by his allegation that the AETNA/Regeneron Administrator confirmed that he registered for COBRA on June 6, 2022. (Compl. at 6). Plaintiff has not plausibly pled a causal connection between the retention of a law firm and the purported denial of COBRA benefits. Accordingly, Plaintiff fails to plausibly allege a retaliation claim.

III. Leave to Amend

Plaintiff requests that the Court grant him leave to amend his pleading to address any deficiencies identified by the Court. (Pl. Br. at 5). Notwithstanding Defendant's fair point that Plaintiff declined the opportunity to file an amended complaint following the exchange of letters identifying pleading defects pursuant to the Court's Individual Practices Rule 4(C)(ii) and again within twenty-one days of the filing of Defendant's instant motion pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), the Court grants Plaintiff 30-days leave to amend the Complaint to

cure the deficiencies discussed in this Opinion and Order. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[T]he court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").

Plaintiff must file the amended complaint within 30 days of the date of this Opinion and Order. Plaintiff must set forth, in consecutively numbered paragraphs, a short and plain statement of the relevant facts supporting each claim against each defendant he wishes to sue. Plaintiff likewise must clearly state who he seeks to sue as a defendant and if he has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint. If Plaintiff fails to strictly comply with this Opinion and Order to cure the deficiencies addressed herein within the time allowed, the Court will dismiss this action with prejudice and without further notice.

## CONCLUSION

The Court grants Defendant's motion to dismiss the complaint without prejudice and grants Plaintiff leave to file an amended complaint that complies with the standards set forth above within 30 days of the date of this Opinion and Order. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 17).

Dated: White Plains, New York
July 13, 2026

SO ORDERED:

Philip M. Halpern
United States District Judge